UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  1:24-cr-00178-RLY-TAB |
| | ) | |
| JOSE ANTONIO RAMOS-SERRANO, | ) | - 01 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 3, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender under Supervised Release filed on July 24, 2025, order granting Petition on July 28, 2025, and Supplemental Petition filed on August 6, 2025.  [Filing Nos. 15, 16, 18, 19.] Defendant appeared in person with his appointed counsel Gwen Beitz.  The government appeared by Brendan Sullivan, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Megan Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant of his rights and provided him with a copy of the petition.  Defendant orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant admitted violation number 1, as amended.  Government orally moved to withdraw the remaining violations numbered 2, 3, 4, 5, 6, 7, 8, 9, and 10, which motion was granted by the Court.  [Filing Nos. 15, 16, 18, 19.]

3.    The allegations to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must not commit another federal, state or local crime."** |
| | On July 18, 2025, Mr. Ramos-Serrano was convicted on September 23, 2025, with Failure to Register as a Sex or Violent Offender, a felony, under Hamilton County case number 29D07-2507-F6-006076. A warrant was issued for his arrest under this cause on July 22, 2025, and remains in effect at this time. |

4.     The parties stipulated that:

(a)     The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is I.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5.     The parties jointly recommended a sentence of 10 months imprisonment with 3 years supervision to follow.  Defendant requested placement at FCI Seagoville, Texas and waived the 500 mile rule.  Defendant also requested not to be placed at FCI Terre Haute, Indiana.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) and § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of  10 months with 3 years supervised release to follow.  The Magistrate Judge recommends Defendant to be placed at FCI Seagoville, Texas and not FCI Terre Haute, Indiana.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
    Justification: Conditions 1 - 12 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical

3

practitioner. You shall follow the prescription instructions regarding frequency and dosage.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

15. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

16. You shall not use or possess alcohol.

17. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: Conditions 13 - 17 are recommended to address the offender's history of substance abuse, as well as to address negative thinking patterns. Additionally, the conditions will help to ensure compliance with a drug-free lifestyle.

18. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

19. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

20. You shall not participate in unsupervised meetings, non-incidental communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in mental health treatment or religious services with felons in such programs so long as the activity has been disclosed as described above.

4

21. You are prohibited from entering any place primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities.

22. You shall not remain at a place for the primary purpose of observing or contacting children under the age of 18.

23. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

24. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

25. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

26. You must have no contact with the victim, or the victim's family, including letters, communication devices, audio or visual devices, visits, or any contact through a third party, without prior written consent of the United States Probation Officer. Justification: Conditions 18-26 are recommended due to the nature of the instant offense and Mr. Ramos-Serrano's noncompliance while on supervised release.

27. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: Due to the offender's reported past struggles with mental health, this condition will ensure he obtains any mental health services deemed appropriate to increase his likelihood of success and compliance.

28. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful

conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: Given the offender's impulse control issues while on supervised release, this condition is necessary to hold him accountable for his actions, as well as to provide a protective measure to the community.

29. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: sexual disorder ssessment/treatment, polygraph examinations, location monitoring, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will help ensure the offender is invested in his treatment

30. You shall be monitored by GPS monitoring, standalone, for a period of 120 days, to commence as soon as practical, and shall abide by all the technology requirements. Justification: Due to Mr. Ramos-Serrano's continued failure to stay in the Southern District, paired with his frequenting of daycare facilities, schools, and unreported addresses, this condition is appropriate to ensure he is stable and in compliance when he resumes supervision. This will also help keep the community safe while determining his current risk.

Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 10/3/2025

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

6